IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JEFFERY LEE KISER and ) | CHAPTER 13 |
| KELLY DIANA KISER, ) | |
| ) | CASE NO. 14-71331 |
| Debtors. ) | |

_____

**AMENDED MEMORANDUM OPINION AND ORDER**

The matters before the Court are confirmation of the Debtors' proposed Chapter 13 plan, the Chapter 13 Trustee's Report and Show Cause, an Objection to confirmation filed by Ally Financial Inc. f/k/a GMAC Inc. ("Ally"), and the Trustee's Response to Ally's Objection. A hearing was held on January 7, 2014.[1] According to the Joint Stipulations submitted by Ally and the Trustee, the issue before the Court is "whether Ally is entitled to its fees in this case under applicable provisions of the Bankruptcy Code." Stip. 2. For the reasons noted below, the Court finds that Ally is not entitled to recover its post-petition attorney's fees. Accordingly, the Court will overrule Ally's Objection and confirm the Debtors' Chapter 13 plan.

FINDINGS OF FACT

The Debtors filed their Chapter 13 petition in this Court on September 24, 2014. The Debtors listed a secured claim owed to Ally on Schedule D in the amount of $16,114.00 and valued the collateral, a 2013 Chevrolet Spark, at $16,000.00. On the same date, the Debtors filed a proposed Chapter 13 plan providing in paragraph 3(C) for monthly adequate protection

---

[1] This matter was originally heard on November 14, 2014 and continued to December 3, 2014. Prior to the December 3, 2014 hearing, the parties submitted a proposed continuance Order. The Court entered an Order on December 2, 2014, which revised the proposed Order the parties submitted. It clearly provided, among other things, that "[o]ral argument shall be presented at the time of the continued hearing date. Any remaining evidence to be presented will also be heard at that time." Nevertheless, the parties submitted Joint Stipulations on December 30, 2014 which waived oral arguments. While Ally retained local counsel to appear at the hearing, as did the Chapter 13 Trustee, neither of the attorneys substantively involved with the matters before the Court chose to appear.

payments of $250.00 to Ally and in paragraph 3(D) for payment under the heading of "Approx. Bal. of Debt or 'Crammed Down' Value" of $15,000.00 at 5% interest with payments of $250.00 for 60 months. The Debtors did not list any claims in paragraph 3(A) of their plan. On October 2, 2014, Ally filed a proof of claim listing a total debt of $16,300.30.[2] No party has objected to Ally's claim, and the Court has not entered any order disallowing the claim.

Ally filed an Objection to confirmation on November 5, 2014 with regard to the 2013 Chevrolet Spark. In its Objection, Ally requested that the Court deny confirmation of the Debtors' plan asserting, among other things, that Ally is entitled to its attorney's fees. Ally's Obj. ¶ 6. The Trustee filed his Response to Ally's Objection on November 7, 2014. In the Response, the Trustee asserted, among other things, that with respect to the issue of Ally's attorney's fees, "the same involves a legal issue which Trustee disputes." Trustee's Resp. ¶ 6.

On November 24, 2014, Ally filed a Memorandum in Support of Objection to Confirmation, laying out its argument for the allowance of its attorney's fees in the amount of $375.00. Although Ally provided no evidence of being an oversecured creditor, Ally argued that it was entitled to collect its post-petition attorney's fees as provided for in its Retail Instalment Sale Contract because the hanging paragraph of 11 U.S.C. § 1325 renders 11 U.S.C. § 506 inapplicable to this case, leaving Ally with its contractual entitlements.

On December 23, 2014, the Trustee filed a Memorandum of Law in support of his Response to Ally's Objection to Confirmation, laying out the arguments in support of his assertion that Ally is not legally entitled to post-petition attorney's fees incurred in connection with its Objection in this case. The Trustee asserted that since the hanging paragraph of Section 1325 renders Section 506 inapplicable to this case, the plain reading of these code sections

---

[2] The Claims Register reflects that Ally prepared its own proof of claim in this matter. *See* Claim 3-1, filed October 2, 2014.

2

makes it clear that Ally is not entitled to recover its contractual post-petition attorney's fees. On December 30, 2014, Ally filed its Reply to Trustee's Memorandum of Law, asserting that the case law cited by the Trustee is inapposite to the instant case. In its Reply, Ally asserted that its post-petition, pre-confirmation fees as of the date of the Objection totaled $375.00, but stated it will provide a sworn affidavit with the current amount of its fees prior to the hearing date. Ally's Reply 1 n.1. Ally filed the sworn affidavit on January 6, 2015, asserting that the amount of fees and costs incurred totals $1,617.50. Ally Aff. ¶ 2. The Proposed Order, which was attached to Ally's Reply, proposes the following clarifications with respect to the plan: (a) Ally shall receive a secured claim in the amount of $16,300.30 at 5% interest; (b) Ally shall receive adequate protection payments in the amount of $250.00; and (c) Ally shall be entitled to its post-petition, pre-confirmation attorney's fees, to be paid through the Debtors' Chapter 13 plan. Proposed Order, at p. 1. No amended chapter 13 plan was filed.

On December 30, 2014, the parties filed Joint Stipulations, which provided, among other things, that Ally is a creditor of the Debtors in connection with a 910-claim under 11 U.S.C. § 1325(*), and that Ally seeks attorney's fees in the amount of $475.00. Stip. ¶¶ 2, 7. Attached to the Stipulation is a copy of the Retail Instalment Sale Contract entered into between the Debtors and Ally in connection with the purchase of a 2013 Chevrolet Spark.

The Court held a hearing on January 7, 2015 and took the matter under advisement. The issue before the Court is whether Ally is contractually entitled to its post-petition, pre-confirmation attorney's fees incurred in connection with this bankruptcy case.

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on

July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  This Court further concludes that consideration of an objection to confirmation of a Chapter 13 plan is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (L).

Given the circumstances of this case, the Court finds that Ally's Objection is not well taken.  In the Debtors' proposed Chapter 13 plan, the Debtors provided for adequate protection payments of $250.00 to Ally in paragraph 3(C) and for payment under the heading of "Approx. Bal. of Debt or 'Crammed Down' Value" of $15,000.00 at 5% interest with payments of $250.00 for 60 months in paragraph 3(D).  The Debtors did not, however, attempt to value any claims in paragraph 3(A).  Therefore, under the reasoning articulated by this Court in *In re Cassell*, Ally will receive the balance owed on the indebtedness as alleged in its proof of claim, which is $16,300.30.  *See In re Cassell*, No. 13-71980, 2014 WL 1017622, at *2 (Bankr. W.D. Va. Mar. 14, 2014).

Ally's Proposed Order, which was filed as an attachment to its Reply, proposes terms that are identical to what Ally would have received under the Debtors' proposed Chapter 13 plan.  The Proposed Order provides that Ally shall receive a secured claim in the amount of $16,300.30 at 5% interest, which is already provided for by paragraph 3(D) of the Debtors' plan and under this Court's ruling in *Cassell*.  *See* Proposed Order 1.  In addition, the Proposed Order provides that Ally shall receive adequate protection payments in the amount of $250.00, which is already provided for in paragraph 3(C) of the Debtors' plan.  *See id.*

"The party seeking allowance of attorneys' fees bears the burden of establishing reasonableness and generally a detailed description of the services rendered will be required."  *In re Saunders*, 130 B.R. 208, 212 (Bankr. W.D. Va. 1991).  In considering whether attorney's fees

4

are reasonable, the Court must "[f]irst determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Best Med. Int'l, Inc. v. Eckert & Ziegler Nuclitec GmbH*, 565 F. App'x 232, 236-37 (4th Cir. 2014) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). In doing so, the Court "is bound to apply the factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974),"[3] which has been adopted by the Fourth Circuit and made applicable to bankruptcy proceedings. *See McAfee*, 738 F.3d at 88; *Saunders*, 130 B.R. at 212 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 227 (4th Cir. 1978); *Harman v. Levin*, 772 F.3d 1150, 1152 n.1 (4th Cir. 1985)). Second, in determining whether requested fees are reasonable, this Court "must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Best Med. Int'l*, 565 F. App'x at 237 (citing *McAfee*, 738 F.3d at 88). Finally, the Court "should award some percentage of the remaining amount, depending on the degree of success enjoyed by the [party]." *Id.* Not only did Ally fail to provide any detailed description of services for work done in connection with its fees, Ally also chose not to put on any evidence, beyond its own counsel's affidavit, to explain what it did to justify such a fee, whether it be $375.00, $475.00, or $1,617.50.[4] Moreover, at the hearing, Ally's counsel was unable to explain what it gained that it did not already have. Accordingly,

---

[3] The twelve factors to be considered are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 227 (4th Cir. 1978).

[4] The Court is not clear exactly what amount of fees Ally is requesting based on the documents filed with the Court. The parties filed Joint Stipulations which provided: "[f]ees are requested in the amount of $475, which fees are reasonable and customary in the industry to the extent the Court finds that such fees are recoverable." (Stip. ¶7). However, the day before the hearing, Ally filed an affidavit of counsel stating that "the Affiant is, by background and experience, aware of the costs and expenses incurred in connection with the collection of past due debts and that considering the facts and circumstances of this matter and the work performed by the plaintiff's attorneys, an attorney's fee award of $1,617.50 would be fair and reasonable." (Ally Aff. ¶3). Given the stipulation filed by the Chapter 13 Trustee and Ally's counsel, the Court found Ally's position to be less than clear.

this Court does not find Ally's request for any attorney's fees to be reasonable given what was accomplished here and the facts before the Court. Ally's proposed resolution provides for the exact same terms that Ally was already receiving under the Debtors' Chapter 13 plan. As the party bearing the burden of proof, the Court finds that Ally has failed to establish the reasonableness of any fees in this matter. As the Court has determined that Ally is not entitled to recover any attorney's fees in this case, it does not reach the issue of whether Ally is entitled to collect its attorney's fees under the hanging paragraph of 11 U.S.C. § 1325(a)(*).

## CONCLUSION

For the foregoing reasons, this Court will overrule Ally's Objection, deny its request for attorney's fees, and confirm the Debtors' plan. The Trustee is hereby requested to submit an Order of Confirmation.

It is so ORDERED.

Decided this 16th day of January, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE